# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

United States of America,                                  Crim. No. 21-217 (SRN/BRT)

                   Plaintiff,

v.

                                                **ORDER**

Terrell Demetrious Malone, Jr.,

                   Defendant.

---

Thomas Calhoun-Lopez, Esq., United States Attorney's Office, counsel for Plaintiff.

Michael J. Millios, Esq., CJA, counsel for Defendant.

---

This action came before the Court on January 13, 2022, for a hearing on various pretrial motions. Based on the file and documents contained herein, along with the memoranda and arguments of counsel, the Court makes the following Order:

1.      **Defendant's Pretrial Motion for Disclosure of 404 Evidence**. Defendant moves for disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Fed. R. Evid. 404. The Government represents that it will comply with Rule 404 and that it is agreeable to disclosure 14 days prior to trial. Defendant's Pretrial Motion for Disclosure of 404 Evidence **(Doc. No. 19)** is **GRANTED.** The Government must disclose Rule 404 evidence no later than **14 days** prior to trial. The disclosure obligation is limited to information encompassed by Rule 404, and the obligation does not include acts that are intrinsic to the charged offense.

2.      **Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.** Defendant moves, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling the Government to disclose all evidence favorable to him. The Government states that it will fully comply with its obligations under *Brady* and *Giglio* and objects to the Defendant's motion to the extent that its requests go beyond the requirements of *Brady*, *Giglio*, and their progeny. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (**Doc. No. 20**) is **GRANTED**. Within **10 days** of the date of this Order, the Government must disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

3.      **Defendant's Motion for Discovery and Inspection**. Defendant requests an order requiring the Government to disclose or permit inspection, copying, and photographing, of various things. The Government states that it has made its Rule 16 disclosures and will continue to supplement its disclosures. It objects to the motion insofar as it seeks items that fall outside the ambit of Rule 16. Defendant's Motion for Discovery and Inspection (**Doc. No. 21**) is **GRANTED** to the extent that it conforms to Fed. R. Crim. P. 12, 16, and 26.2 and is not already moot. The motion is **DENIED** to the extent that the Jencks Act protects disclosure, and identification of witnesses and exhibits shall be done in accordance with the District Court's pretrial order on disclosure of witness and exhibit lists.

4.      **Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G).**

Defendant seeks an order requiring the Government to disclose a written summary of any expert testimony the Government intends to use at trial. The Government represents that it is fully aware of its obligations under Fed. R. Crim. P. 16(a)(1)(F) and (G) and does not oppose the Defendant's request for disclosures to be made no later than two weeks before trial. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) **(Doc. No. 22)** is **GRANTED** to the extent that it conforms to the scope of Rule 16. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

5.      **Defendant's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts.** Pursuant to Fed. R. Crim. P. 16(a)(1)(F) and (G), Defendant seeks an order requiring the Government to disclose the Reports of Examinations and Tests and any Expert Witnesses it intends to offer at trial. The Government does not oppose the motion and indicates it is in the process of collecting responsive materials which it will provide to Defendant. Defendant's Pretrial Motion for Rule 16 Discovery Regarding Forensic Testing and Experts **(Doc. No. 23)** is **GRANTED**. The parties must disclose the identity of any non-rebuttal experts and all non-rebuttal expert disclosures **30 days** before trial. Any rebuttal experts must be noticed along with the production of rebuttal expert disclosures no later than **10 days** before trial.

6.      **Defendant's Motion for Early Disclosure of Jencks Act Material.**

Defendant moves for an order requiring the Government's early compliance with the

3

Jencks Act, 18 U.S.C. § 3500, requesting disclosure of Jencks Act material as early as the Court deems appropriate. The Government opposes the motion asserting the request lacks authority. The Government also notes that, notwithstanding its objection, it has turned over all Jencks Act materials in its possession, and agrees to provide any material it subsequently receives not later than three days prior to trial. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Information **(Doc. No. 24)** is **DENIED**. Nothing in this Order, however, precludes the Government from voluntary exchange of Jenks Act material with Defendant three days prior to trial as the Government has represented it will do.

7.      **Defendant's Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant moves for an order requiring law enforcement agents to retain and preserve all rough notes taken as part of their investigation into this case, and to preserve the evidence seized in the course of their investigation. The Government does not oppose the motion with respect to retention of notes, but does oppose disclosure. Defendant's Motion to Retain Rough Notes **(Doc. No. 25)** is **GRANTED**. However, disclosure of rough notes is not required by this Order.

8.      **Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure**. Defendant sought an order to suppress any physical evidence obtained as a result of the following search warrants: (1) the September 24, 2021 search

of a 2011 Hyundai Sonata; (2) the September 27, 2021 search of an Apple iPhone Cellphone; and (3) the September 22, 2021 search of the West 32nd Street residence. In his motion, Defendant also sought to suppress any evidence obtained in the search of a Quality Inn hotel room, if it existed. **(Doc. No. 26.)** Prior to the hearing, Defendant filed a letter noting that "[t]he government has now made clear no search of the Quality Inn was conducted and therefore it will not seek to introduce any evidence obtained from that location. The motion to suppress is therefore moot as to this particular location." **(Doc. No. 30.)**

Defendant confirmed that a four-corners review of the three search warrants was requested. (*Id.*) At the hearing, Defendant's new counsel confirmed that Defendant withdrew this part of Defendant's motion but continued to seek a four-corners review of the search warrants. The Government continues to oppose Defendant's motion regarding the searches of the Hyundai, iPhone, and West 32nd Street residence. (Doc. No. 29.) The three corresponding search warrants were admitted into evidence for a four-corners review.

At the hearing, Defendant's new counsel sought to introduce a "Incident Report" into evidence. The Government objected to the admission of the exhibit because the motion to suppress was for a four-corners review of each of the search warrants. Based on the positions of the parties at the hearing, the Court inquired whether Defendant would like the opportunity to consider moving to request an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The Government did not oppose the request.

The Court will allow Defendant to include a request for an evidentiary hearing pursuant to *Franks* in post-hearing briefing, if Defendant elects to pursue that motion.[1]

As discussed above, the part of Defendant's motion relating to the Quality Inn is **DENIED** as moot. As to the remaining issues, Defendant shall file his post-hearing brief no later than **January 27, 2022**, and the Government shall file its response by **February 10, 2022**. The Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (**Doc. No. 26**) under advisement on **February 10, 2022**, and issue a **Report and Recommendation** to the District Court.

**8.**     The voir dire, jury instructions, and trial related motions due date, along with the trial date, are to be determined by District Judge Susan Richard Nelson.

---

[1]     A defendant may challenge the veracity of the affidavit offered in support of probable cause. *See United States v. Sundby*, 186 F.3d 873, 876 (8th Cir. 1999). "To warrant a hearing on the affidavit's veracity, the defendant must make 'a substantial showing that the affidavit contains intentional or reckless false statements and [that] the affidavit, [if] purged of its falsities, would not be sufficient to support a finding of probable cause.'" *Id.* (alterations in original) (quoting *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997), and citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). The Eighth Circuit has "applied [the] rationale [of *Franks*] to cover material that has been deliberately or recklessly omitted from a search-warrant affidavit." *United States v. Jacobs*, 986 F.2d 1231, 1234 (8th Cir. 1993); *see also United States v. Wilson*, 324 Fed. App'x 546, 547 (8th Cir. 2009) (applying the two-part test for omissions). When challenging a warrant based on an omission, the defendant must show "'that the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading'" and that "'the affidavit[,] if supplemented by the omitted information[,] would not have been sufficient to support a finding of probable cause.'" *Jacobs*, 986 F.2d at 1234 (quoting *United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986)). The Court did not admit Defendant's Exhibit 1 for the purposes of this Court's four-corners review of the three search warrants. However, if Defendant chooses to pursue a *Franks* hearing, Defendant is not precluded from including it as part of his showing that a *Franks* hearing is warranted pursuant to the applicable law.

Date:  January 14, 2022

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge