# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-217 (SRN/BRT) |
| Plaintiff, | |
| v. | **Order** |
| Terrell Demetrious Malone, Jr., | |
| Defendant. | |

Thomas Calhoun-Lopez, United States Attorney's Office, 300 S 4th St Ste 600, Minneapolis, MN 55415, for Plaintiff.

Michael John Millios, 400 S Fourth Street, Suite 806m, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Terrell Demetrious Malone, Jr.'s Objection [Doc. No. 49] to United States Magistrate Judge Becky Thorson's March 14, 2022 Report and Recommendation ("R&R") [Doc. No. 42]. In the R&R, Magistrate Judge Thorson recommends that Malone's Motion to Suppress Evidence [Doc. No. 26] be denied. For the reasons set forth below, the Court overrules Malone's Objection, adopts the R&R in full, and **DENIES** Malone's motion.

## I.     BACKGROUND

The factual background of this case is more fully set forth in the R&R, which the Court incorporates by reference. (R&R at 1–4.) Malone is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Indictment

[Doc. No. 7] at 1–2.) The firearm at issue, a Springfield Armory 9mm handgun, was found in a gray Hyundai Sonata, pursuant to one of the three search warrants at issue in this Order. (Jan. 13, 2022 Hr'g Ex. List [Doc. No. 38], Hr'g Ex. 2 ("Hyundai Warrant") at 8.)

Malone moves to suppress evidence obtained from all three searches: (1) of an apartment on West 32nd Street, (2) of the Hyundai Sonata, and (3) of a black iPhone Cell Phone. (Def.'s Mot to Suppress [Doc. No. 26].) Malone contends that in all three search warrant affidavits, the Government failed to provide evidence of a sufficient nexus between the locations to be searched, and the alleged criminal activity–the unlawful possession of a firearm. (*Id*. at 1–3.)

## A.     The Search of the Apartment at West 32nd Street

On September 22, 2021, St. Paul Police Officer Robert Lokhorst obtained a search warrant to search an apartment on West 32nd Street. (Jan. 13, 2022 Hr'g Ex. List, Hr'g Ex. 1 ("Apt. Warrant") at 1.) In the application, Officer Lokhorst averred that there was a warrant out for the arrest of Malone, and that he had been seen online in various gang-related and inflammatory music videos in possession of a handgun that he was ineligible to possess. (Apt. Warrant at 2.) The officer also summarized two domestic incidents that involved Malone. The first occurred on July 21, 2021, and involved Malone's girlfriend and her daughter, and the second occurred on September 19, 2021, and involved the mother of Malone's child and her partner. (*Id.* 2–3.) During the second incident, Malone allegedly brandished a firearm and shot it into the hallway. (*Id.* at 3.) When officers responded to this call, they observed a spent casing and a bullet hole in the home. (*Id.*)

The application noted that officers had observed Malone in a Hyundai Sonata on two occasions prior to the second incident. (*Id.*) The day after the second incident, officers observed Malone walk from an apartment on West 32nd Street, enter the Hyundai Sonata, and depart the area. (*Id.*) Based on these observations, and additional facts fully recited in the R&R, a search warrant for the apartment was issued on September 22, 2021 and executed on September 24, 2021. (*Id.* at 3–4, 7–8.) No firearm was found inside the residence, and no property was taken into custody. (*Id.* at 8.)

### B.     The Search of the Hyundai Sonata

On September 24, 2021, Officer Lokhorst obtained a warrant to search the Hyundai Sonata in which Malone had been observed. (Hyundai Warrant at 6–7.) In the application for the search warrant, Officer Lokhorst restated the facts from the application to search the West 32nd Street apartment, and included additional observations from the execution of that apartment warrant.

The search was also executed on September 24, 2021. The Springfield Armory 9mm handgun was found inside the vehicle and taken into custody. (*Id.* at 8.)

### C.     The Search of the Apple iPhone Cell Phone

On September 27, 2021, Officer Lokhorst obtained a warrant to search a "Black Apple iPhone in black case." (Jan. 13, 2022 Hr'g Ex. List, Hr'g Ex. 3 ("iPhone Warrant") at 7.) The affidavit accompanying the warrant application contained all of the facts recited in the first two warrant applications as well as additional facts from the two prior searches.

Officer Lokhorst explained that Malone had been in possession of the cell phone when he was arrested at the 32nd street apartment, and that he had referred to the phone as

"his phone" and used it to call his fiancée. (*Id.* at 3.) The application also explained that a gun had been found in the Hyundai Sonata. (*Id.*) Digital phone data was retrieved during the search. (*Id* at 7.)

### D.    Report and Recommendation

The magistrate judge recommends that the Court deny Malone's motion. (R&R at 1.) She found that information presented in the affidavits indicated a fair probability that evidence of Defendant's illegal possession of a firearm would be found in the apartment, vehicle, and cell phone, and that, even if not, the good faith exception would apply. (*Id.* at 1, 9–20.)

### E.    Objection

Malone objects to the magistrate judge's recommendation generally, and raises three specific objections to the magistrate judge's analysis of the search warrant for the Hyundai Sonata: (1) the search of the apartment revealed no evidence of criminal activity from which an officer could infer that Malone's car would contain evidence of a firearm; (2) the mail found in Malone's home was for a different address, not the apartment that was searched, and did not establish probable cause for the search of the vehicle; and (3) there was no probable cause to connect the vehicle to the alleged shooting.[1] (Obj. [Doc. No. 49] at 1–2.)

## II.    DISCUSSION

---

[1]    Malone also argues that his decision to hide in a closet in the apartment complex was due to his legitimate fear of the police, and should not be considered. The magistrate judge did not rely on this fact in ruling on Malone's motion.

**A.    Standard of Review**

The district court reviews *de novo* those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b).

**B.    Probable Cause: Four-Corner Review**

The Fourth Amendment requires probable cause to be shown before a search warrant is authorized. U.S. Const. amend. IV; *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007). Probable cause exists where there is a "fair probability that contraband or evidence of a crime will be found in a particular place given the circumstances set forth in the affidavit." *United States. v. Tellez*, 217 F.3d 547, 549 (8th Cir. 2000). It requires "evidence of a nexus between the contraband and the place to be searched." *United States v. Alexander*, 574 F.3d 484, 490 (8th Cir. 2009) (citation omitted).

When the issuing judge relies solely upon a supporting affidavit to issue the search warrant, "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. O'Dell*, 766 F.3d 870, 874 (8th Cir. 2014). Judges issuing search warrants may "draw reasonable inferences from the totality of the circumstances" when reading a warrant application to determine whether probable cause exists. *United States v. Keele*, 589 F.3d 940, 944 (8th Cir. 2009). Reviewing courts afford "great deference" to the issuing judge's "initial, on-the-scene determination that probable cause has been established." *United States v. Colbert*, 605 F.3d 573, 576 (8th Cir. 2010). As long as the issuing judge had a "substantial

basis" for determining that the search would "uncover evidence of wrongdoing," the Court must uphold the probable cause determination. *United States v. Horn*, 187 F.3d 781, 785 (8th Cir. 1999).

### 1.    Nexus Between the Possession of the Firearm and the Hyundai Sonata

Malone contends that there was no nexus connecting him and his alleged possession of a firearm to the Hyundai Sonata. (Mot. to Suppress [Doc. No. 26] at 1–2.) He argues the magistrate judge erroneously relied on *United States v. Howard* in determining whether there was probable cause to search Malone's vehicle, and maintains that the two cases are not analogous. (Obj. at 2 (citing *United States v. Howard*, No. 07-cr-425 (JRT/FLN), 2008 WL 941840, at *3 (D. Minn. Apr. 4, 2008)).)

The Court disagrees. *Howard* is analogous to the present case because in both cases officers had evidence that a defendant possessed a firearm, but they did not locate a firearm in the execution of an initial warrant. *Id.* Therefore, it was reasonable to infer that a firearm would be somewhere else readily accessible to the defendant. *See also U.S. v. Cowling*, 648 F.3d 690, 696 (8th Cir. 2011) (finding that a warrant affidavit which established probable cause that a defendant possessed a firearm also established probable cause that the firearm was likely on the defendant's person or in his residence).

Officers knew Malone had recently been in the Hyundai Sonata as he had been observed parking the vehicle outside of the West 32nd Street apartment and entering the building before the execution of the initial search warrant. (Hyundai Warrant at 4.) Officers also had evidence that Malone had fled the shooting earlier that week in an unknown

vehicle, and that there was a fair probability that the Hyundai Sonata was that unknown vehicle. (*Id.* at 3–4.) Based on facts contained in the affidavit, it was reasonable for officers to infer that the firearm would be located in the Hyundai Sonata. *United States v. Thompson*, 210 F.3d 855, 860 (8th Cir. 2000) ("[L]aw enforcement officers may make reasonable inferences in preparing affidavits in support of a warrant."). Thus the information in the affidavit established the requisite nexus between the Hyundai Sonata and Malone's possession of a firearm.

### 2.      The Magistrate Judge's Analysis Is Sound Regardless of the Mail At Issue

Malone next argues that the magistrate judge improperly relied on the discovery of mail in the initial search of the residence in determining whether there was probable cause to search the Hyundai Sonata. (Obj. at 3.) Malone argues that officers "failed to clarify on the search warrant affidavit that the mail with Mr. Malone's name on it was not addressed to the West 32nd Street address." (*Id.*) Further, Malone argues that "mail is not evidence required by the Fourth Amendment for probable cause to search the Sonata," and that "mail is not evidence that a gun or crime was connected to the [vehicle]." (*Id.*)

The magistrate judge only briefly referenced the presence of Malone's mail in the West 32nd Street apartment as one indicator that Malone lived at the apartment. (R&R at 12 ("[ATF personnel observed Malone] inside the 2011 Hyundai Sonata near the West 32nd Street apartment (Defendant's suspected residence where Defendant's mail was found).") Even if the mail contained a different address, the presence of Malone's mail in the apartment is one factor of many that support the inference that Malone regularly resided

in the apartment. Regardless, the Court finds that there was sufficient probable cause to search the Hyundai Sonata even without consideration of the mail.

### 3. Nexus Between the Hyundai Sonata and the Shooting

Malone also contends that there was no nexus established between the Hyundai Sonata and the shooting and therefore those facts should not have been considered in evaluating probable cause for the Hyundai Warrant. (Obj. at 4.) Malone argues that because the affidavit in support of the Hyundai Warrant only stated that Malone fled in an "unknown vehicle" after the shooting, there is no evidence connecting the Hyundai to the shooting. (*Id.*)

The Magistrate Judge correctly noted that Malone was seen driving the Hyundai Sonata several times, twice before the alleged shooting, once the day after the incident, and once several days after the incident. Officers are permitted to make "reasonable inferences" in preparing affidavits, *Thompson*, 210 F.3d at 860, and were therefore permitted to infer that the Hyundai Sonata that Malone was observed driving the day after the shooting, and the vehicle in which Malone fled "were the same based on the proximity of time that Defendant had driven both." (R&R at 14.) Thus, there was a sufficient nexus established between the shooting and the Hyundai Sonata.

### C. Good-Faith Exception

Moreover, even if probable cause did not exist, the good-faith exception to the exclusionary rule would apply here. Although evidence obtained in violation of the Fourth Amendment must generally be excluded, if officers obtained the evidence pursuant to a warrant and reasonably relied on the issuing judge's probable cause determination, the

disputed evidence will be admitted. *United States v. Leon*, 468 U.S. 897, 906 (1984); *United States v. Hudspeth*, 525 F.3d 667, 676 (8th Cir. 2008).

"[T]he fact that a neutral [judge] has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner, or in objective good faith." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (internal quotation omitted). There is no evidence here to suggest that the officers' reliance on the warrant was unreasonable or not in good faith. Accordingly, even if probable cause was lacking with respect to the search warrant affidavit, the evidence is admissible under the good-faith exception to the exclusionary rule.

### D.    Remaining Search Warrants

Defendant also broadly objects to the Magistrate Judge's analysis of the other two search warrants. (Obj. at 1.) After an independent de novo review of the files, records and proceedings in the above-entitled matter, the Court finds that the search warrants for the apartment and the iPhone were supported by probable cause, and that there was a sufficient nexus between Malone's possession of the firearm and the locations searched.

Thus, the Court overrules Malone's Objection, adopts the R&R in its entirety, and denies Malone's motion.

## III.    CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's Objection to the Report and Recommendation [Doc. No. 49] is **OVERRULED**;

2.  The Report and Recommendation [Doc. No.42] is **ADOPTED**; and

3.  Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, [Doc. No. 26] is **DENIED**.

Dated: May 11, 2022                           s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge

10